IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                         Criminal No. 10-50087

EDUARDO PEREZ-SOTO                                                    DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is the Defendant's pro se **Motion for Downward Departure (Doc. 35).** The undersigned, being well and sufficiently advised, finds and recommends as follows:

On October 29, 2010, Defendant pled guilty to possession with intent to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 17.) On February 8, 2011, Defendant was sentenced to the mandatory minimum of 120 months imprisonment. (Doc. 22.) In the motion now before the Court, filed nearly six years after he was sentenced, Defendant seeks a "two (2) point downward departure from his base offense level" due to "unforeseen collateral consequences in him being punished as a[] [deportable] alien, which subject[s] him to harsher conditions than otherwise identical citizen[s] who commit similar crimes." (Doc. 35 at pgs. 1, 4.)

Defendant's motion is subject to dismissal, as this Court lacks subject matter jurisdiction to modify his sentence in any way. See Zagorski v. United States, Case No. 11-cr-351, 2016 WL 6833922, *2-3 (D. C. Cir. Nov. 18, 2016) (finding that court lacked jurisdiction under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c) to modify defendant's final sentence based on his status as deportable alien). Further, even if Defendant's motion were

properly before the Court, it would be subject to dismissal as without merit, as the Defendant was sentenced to the mandatory minimum statutory sentence and there is no authority to depart from that mandatory minimum.  See United States v. Carreon-Rico, 395 Fed. Appx. 310, *1 (8th Cir. 2010).

Based upon the foregoing, the undersigned finds that the Defendant's **Motion (Doc. 35)** is without merit and recommends that it be **DENIED and DISMISSED**.

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Entered this 19th day of January, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE